IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40176
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ GONZALES, also known as Fidel Salazar,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CR-207-1
- - - - - - - - - -
February 10, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

José Gonzales, also known as Fidel Salazar, appeals from his sentence following his guilty-plea conviction for possession with intent to distribute 297 kilograms of marijuana. Gonzales argues that the district court erred in attributing 616 kilograms of marijuana to him based on hearsay testimony by an FBI Special Agent indicating that Gonzales had possessed the 616 kilograms of marijuana six months earlier. He further argues that the

_____

[*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's finding that he possessed the 616 kilograms of marijuana must be proved by a higher standard of proof than a preponderance of the evidence.

The burden of proof at sentencing is generally a preponderance of the evidence, and the facts of this case do not warrant deviation from this standard.  See United States v. Lombardi, 138 F.3d 559, 562 (5th Cir. 1998); United States v. Mergerson, 4 F.3d 337, 343-44 (5th Cir. 1993).  Factual findings regarding relevant conduct are therefore reviewed only for clear error.  United States v. Bryant, 991 F.2d 171, 177 (5th Cir. 1993).  Quantities of drugs not specified in the count of conviction may also be included as relevant conduct, if they were part of the same court of conduct or part of a common scheme or plan as the count of conviction.  Id.; U.S.S.G. § 1B1.3.

The district court based its factual finding on sufficiently reliable evidence from law enforcement agents indicating that Gonzales had previously possessed 616 kilograms of marijuana in an identical manner as in the count of conviction.  This finding was not clearly erroneous.  Accordingly, the district court's judgment is AFFIRMED.